UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JOSEPH C. JAMES,

                         Plaintiff,

                                                               **MEMORANDUM & ORDER**

         v.                                              10-CV-4953 (MKB)

COUNTRYWIDE FINANCIAL CORP.,
COUNTRYWIDE HOME LOANS, INC.,
BANK OF AMERICA CORP., ROBERT
DONOVAN, WILLIAM PURSCHKE and
SCOTT HOROWITZ,

                         Defendants.

----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

      Plaintiff Joseph James filed the above-captioned action against Defendants Countrywide Financial Corp., Countrywide Home Loans, Inc., Bank of America Corp., Robert Donovan, Williams Purschke and Scott Horowitz, alleging employment discrimination and retaliation on the basis of race in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C § 1981, 42 U.S.C. § 1983 and the New York State Human Rights Law ("NYSHRL"), as well as breach of contract, unjust enrichment and violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff amended the Complaint on January 24, 2011. Defendants moved to dismiss the Amended Complaint, and Judge Hurley[1] granted in part and denied in part Defendants' motion. Judge Hurley informed Plaintiff that he would be afforded one opportunity to seek leave to amend the Amended Complaint to cure the deficiencies identified. On May 8, 2012, Plaintiff moved to amend the Amended Complaint. On October 11, 2012, Magistrate

---

[1] The case was reassigned to the undersigned on March 23, 2012.

Judge Wall filed a report and recommendation (the "Report & Recommendation"), recommending that Plaintiff's motion to amend the Amended Complaint be granted in part and denied in part. Plaintiff timely filed objections to the Report & Recommendation. For the reasons set forth below, the Report & Recommendation is adopted in its entirety. Plaintiff's motion to amend the Amended Complaint is granted in part and denied in part.

I. Discussion

The Court assumes familiarity with the background of this case, which is set forth in detail in Judge Hurley's 2012 decision. *See James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296 (E.D.N.Y. 2012).

a. Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *Id.* The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Id.*; *see also Local No. 46 Metallic Lathers Union & Reinforcing Iron Workers Welfare Trust v. Integrated Structures, Corp.*, No. 11 Civ. 4159, 2012 WL 6086883, at *1 (E.D.N.Y. Sept. 25, 2012). A district court will generally not consider arguments that were not raised before the magistrate judge. *See Zhao v. State Univ. of N.Y.*, No. 04 Civ. 210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011).

The Federal Rules of Civil Procedure provide that courts "should freely give leave" to amend a complaint "when justice so requires.'" Fed. R. Civ. P. 15(a)(2). The Second Circuit

2

has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation omitted). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

### b. Objections to the Report & Recommendation

Plaintiff objects to Magistrate Judge Wall's recommendation that Plaintiff be denied leave to amend (1) the retaliation claims based on his involuntary transfer, (2) the post-employment retaliation claim, and (3) the breach of contract claim.[2] (Pl. Obj. Mem. 5.)

---

[2] Plaintiff also objects to the Report & Recommendation's "recital of certain facts." (Pl. Obj. Mem. 9.) Specifically, Plaintiff objects to the Report & Recommendation's statement that Plaintiff failed to reallege his retaliation claim based on his dispute with Horowitz in the parking lot. (Report & Recommendation 9.) Judge Hurley dismissed Plaintiff's retaliation claim related to his verbal disagreement with Horowitz, finding that the incident did not constitute an adverse employment action. *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 312–14 (E.D.N.Y. 2012). In the proposed Second Amended Complaint, Plaintiff once again alleges that he had a dispute in the parking lot with Horowitz and that Defendant failed to take any disciplinary action against Horowitz. (Second Amended Complaint ("SAC") ¶¶ 140(b), (c), (d).) Plaintiff further alleges that as a result of these incidents, among other things, Defendants placed him on a performance improvement plan ("PIP"). *Id.* at ¶ 140. Magistrate Judge Wall construed this retaliation claim as a new claim and recommended that Plaintiff be allowed to amend in order to add the PIP retaliation claim. (Report & Recommendation 11.) Although the Court agrees with Plaintiff that the PIP claim could be construed as reviving the original retaliation claim as opposed to stating a new claim, the distinction is of no practical significance.

3

### i. Retaliation Claims

To establish a prima facie case of retaliation, the plaintiff must show (1) that he or she participated in a protected activity, (2) that he or she suffered an adverse employment action, and (3) that there was a causal connection between the plaintiff engaging in the protected activity and the adverse employment action. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010). A plaintiff is not required to specifically plead every element of a prima facie case to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."); *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008) ("We have stated that the *Swierkiewicz* holding applies with equal force to any claim that the *McDonnell Douglas* framework covers." (citations, internal quotation marks and alterations omitted)). Still, a plaintiff must plead facts sufficient to render his or her retaliation claim facially plausible under *Twombly* and *Iqbal*. *Boykin*, 521 F.3d at 215–16.

#### 1. Involuntary Transfer

Plaintiff alleges that Defendants retaliated against him by transferring him to the Melville Branch without his sales team. (Second Amended Complaint ("SAC") ¶ 102; Pl. Obj. Mem. 6.) Magistrate Judge Wall found that Plaintiff "failed to allege that this transfer was based on any protected activity." (Report & Recommendation 11.) Magistrate Judge Wall also noted that Plaintiff "requested his transfer to the Melville branch, and thus the court cannot plausibly infer that this activity would dissuade the plaintiff from supporting a charge of discrimination." (Report & Recommendation 11–12) (citing SAC ¶ 102.) Accordingly, Magistrate Judge Wall recommended that the Court deny Plaintiff's motion to amend the Amended Complaint to add a claim based on his involuntary transfer. (Report & Recommendation 12.)

4

Plaintiff argues that his "involuntary branch transfer . . . was inspired by his continuing internal complaints of unresolved discrimination by Horowitz." (Pl. Obj. Mem. 6.) Plaintiff's argument is inconsistent with his own allegations. Plaintiff's proposed Second Amended Complaint alleges:

> After Horowitz's negative performance evaluation in September 2008, Plaintiff's work environment became so intolerable that he sought a branch transfer to the Melville CMD Branch. Eventually the transfer was approved, but he suffered further retaliation when Plaintiff was denied approval to bring his recruited sales team with him. Instead [sic] Defendant Horowitz was permitted to retain the team's loan production and, upon information and belief, *Horowitz earned substantial income from that production instead of Plaintiff.*

(SAC ¶ 102) (emphasis in original). The proposed Second Amended Complaint specifically alleges that Plaintiff *requested* the transfer to the Melville Branch, and the only alleged act of retaliation was Defendants' refusal to allow Plaintiff to have his entire sales team transferred with him. *Id.* Plaintiff cannot now argue that this transfer, which he requested, was an adverse employment action intended to deter him from filing internal complaints, nor is the refusal to transfer his sales team an adverse employment action. The Court adopts Magistrate Judge Wall's recommendation that the motion to amend the Amended Complaint be denied with respect to the involuntary transfer claim.

### 2. Post-Employment Retaliation

Plaintiff alleges that Defendants retaliated against him for filing a discrimination charge by getting him fired in November of 2010. (SAC ¶ 132.) Plaintiff filed discrimination charges with the New York State Division of Human Rights and the Equal Employment Opportunity Commission on October 29, 2008. *Id.* at ¶ 153. Plaintiff alleges that he was forced to resign on March 23, 2009. *Id.* at ¶ 154. After an extended job search, Plaintiff accepted a new job at Titleserv on November 9, 2010. *Id.* at ¶¶ 125–26. At one of his first company meetings,

5

Plaintiff had a conversation with Brian Pasley, a Senior Vice President, and indicated to Pasley that he had previously worked at Countrywide and reported to defendant Donovan. *Id.* at ¶ 127. Pasley mentioned to Plaintiff that he had a long-standing business relationship with defendant Donovan. *Id.* at ¶ 128. Two days later, Plaintiff was terminated. *Id.* at ¶ 129. Magistrate Judge Wall found that "the significant gap in time between the protected activity and the adverse action militates against a finding that there was a causal connection" and recommended that Plaintiff's motion to amend the Amended Complaint be denied with regard to the post-employment retaliation claim. (Report & Recommendation 12.)

In order to plead a plausible claim of retaliation, Plaintiff must allege facts that could establish a causal connection between his protected activity and the adverse employment action. *See Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. 2012) (affirming the dismissal of the plaintiff's retaliation claim where the plaintiff had failed to allege facts that could support an inference of a causal connection); *Williams v. Time Warner Inc.*, No. 09 Civ. 2962, 2010 WL 846970, at *5–6 (S.D.N.Y. Mar. 3, 2010) (finding that where no inference of causation arises, the plaintiff's retaliation claims fail to meet the plausibility threshold). Plaintiff argues that the proposed Second Amended Complaint alleges causation based on temporal proximity, even though two years elapsed between the filing of the charge and the alleged act of retaliation, because November of 2010 "was Defendants' *first post-employment opportunity* to retaliate against Plaintiff." (Pl. Obj. Mem. 3) (emphasis in original).

Plaintiff cites two cases in support of this proposition, both of which found a causal connection could be inferred, even though 11-months elapsed between the protected activity and the adverse action, because the defendants were alleged to have retaliated at the first available

6

opportunity.³ *See Cronin v. St. Lawrence*, No. 08 Civ. 6346, 2009 WL 2391861, at *5 (S.D.N.Y. Aug. 5, 2009) (noting that an 11-month gap between the protected activity and the retaliatory action is at the "the very outer limit of the amount of time that is considered sufficient to establish causation" but that the claim was plausible because the defendant "had no earlier opportunity to retaliate against Plaintiff for engaging in protected activity"); *Bernhardt v. Interbank of N.Y.*, No. 92 Civ. 4550, 2009 WL 255992, at *6 (E.D.N.Y. Feb. 3, 2009) (finding that although an 11-month time period "would suggest strongly the absence of a causal link," there was a question of fact as to whether the defendant retaliated at the first available opportunity).

      These cases are readily distinguishable. First, both *Bernhardt* and *Cronin* recognize that 11 months is at the outer limit of an acceptable time period to infer causation. *Cronin*, 2009 WL 2391861, at *5; *Bernhardt*, 2009 WL 255992, at *6. Moreover, both cases justified stretching the boundaries of the acceptable time period because the defendant had allegedly retaliated at the first opportunity available. *Id.* Here, over two years elapsed between the filing of the

---

³ Plaintiff also argues for an inference of retaliation based on the temporal proximity of Plaintiff's termination and the EEOC's issuance of the right-to-sue letter on July 29, 2010. (Pl. Ex. A.) The Supreme Court has specifically stated that the EEOC's issuance of a right-to-sue letter should not be the starting point for temporal proximity because the plaintiff takes no part in the issuance. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272–73 (2001); *see also Chukwuka v. City of New York*, No. 08 Civ. 2095, 2010 WL 3780214, at *7 (E.D.N.Y. Sept. 21, 2010) (finding that the plaintiff's receipt of a right-to-sue letter is not protected activity); *Pocino v. Culkin*, No. 09 Civ. 3447, 2010 WL 3516219, at *3 (E.D.N.Y. Aug. 31, 2010) ("Whereas [the plaintiff's] filing of the S.D.N.Y. action is clearly a protected activity, Judge Castel's dismissal of the S.D.N.Y. action [—] an act in which Pocino took no part — is clearly not."). Plaintiff cannot save his retaliation claim by using the right-to-sue letter to establish temporal proximity. *See Altieri v. Albany Pub. Library*, 172 F. App'x 331, 334 (2d Cir. 2006) ("To the extent plaintiff seeks to avoid [dismissal] by urging us to focus on the shorter eleven-month interval between resolution of the co-worker's case in which she testified and the first alleged act of retaliation, the resolution date is not relevant because it does not define plaintiff's protected activity and otherwise suggest[s] no basis for inferring a retaliatory motive." (citing *Clark Cnty. Sch. Dist.*, 532 U.S. at 273)).

7

discrimination charge and the alleged retaliatory act, well beyond the outer bounds that courts have recognized. *See Morisseau v. DLA Piper*, 532 F. Supp. 2d 595, 617 (S.D.N.Y. 2008) *aff'd*, 355 F. App'x 487 (2d Cir. 2009) ("While the Second Circuit has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship, the weight of authority supports the view that ten or twelve months is too long." (internal quotation marks omitted) (collecting cases)). Although Plaintiff argues that November of 2010 was Defendants' *first post-employment opportunity* to retaliate, Plaintiff does not — and cannot — argue that November of 2010 was Defendants *first opportunity* to retaliate. In any event, the Court finds that the time that elapsed between Plaintiff filing the discrimination charges and being fired from Titleserv is too long to support an inference of retaliation.[4] The Court adopts Magistrate Judge Wall's recommendation, and Plaintiff's motion for leave to amend is denied as to his post-termination retaliation claim.

### ii. Breach of Contract

To state a claim for breach of contract under New York law, the plaintiff must allege (1) the existence of an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages. *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d

---

[4] In addition, Plaintiff has failed to allege that Defendants took any adverse employment action. Plaintiff argues that based on the temporal proximity of the conversation with Pasley and Plaintiff's termination, the Court should infer that (1) Pasley reached out to Donovan; (2) Donovan provided Pasley with a negative recommendation about Plaintiff; and (3) Pasley had Plaintiff terminated as a result of that conversation with Donovan. However, Plaintiff has not even alleged that Pasley had a role in Plaintiff's termination. Plaintiff has failed to allege facts to support an inference that defendant Donovan took any action to bring about Plaintiff's termination. *See Male v. Tops Markets, LLC*, No. 08 Civ. 6234, 2010 WL 4319769, at *3 (W.D.N.Y. Oct. 29, 2010) ("The fact that Plaintiff was denied employment by several prospective employers and the fact that she believes Defendant may have given her a bad recommendation does not, by itself, amount to a plausible claim for post-termination retaliation.").

8

Cir. 2011). Judge Hurley dismissed Plaintiff's breach of contract claim because Plaintiff "ha[d] not specifically identified the contract (or contracts) at issue and ha[d] not specified the terms of the agreement that defendant purportedly breached." *James*, 849 F. Supp. 2d at 322. Despite this finding, Plaintiff merely attaches seven employment agreements to the proposed Second Amended Complaint and fails to identify any specific provisions of the agreements that Defendants breached. (SAC Exs. B–J.) Magistrate Judge Wall found that "while the plaintiff has attached all of the agreements he claims were breached, he has failed to identify any express provision upon which liability is predicated." (Report & Recommendation 15.) Magistrate Judge Wall, therefore, recommended that Plaintiff's motion to amend the Amended Complaint be denied with regard to his breach of contract claim.

Plaintiff alleges that Defendants breached the employment agreements by (1) failing to pay him all of the compensation that he was due, and (2) forcing him "to undergo an involuntary division of branch leadership." (SAC ¶¶ 133–34.) Although Plaintiff attaches seven employment agreements, Plaintiff does not cite to any specific provision that Defendants violated.[5] Instead, Plaintiff makes broad, conclusory allegations that he was not paid the

---

[5] Plaintiff argues that he "was prohibited from including the precise contract language provisions of the seven (7) compensation plan modifications (in the Second Amended Complaint) due to the Defendants' insistence on a blanket order of confidentiality (asserting non-public proprietary information concerns)" and, therefore, Magistrate Judge Wall's "determination that Plaintiff failed to adequately state a breach of contract claim on this basis is in error." (Pl. Obj. Mem. 7) (emphasis omitted). Plaintiff cannot use the confidentiality order to relieve himself of his pleading obligations. Judge Hurley found Plaintiff's breach of contract claim to be deficient, in part, because Plaintiff had not "specified the terms of the agreement that defendant purportedly breached, other than to assert that these 'certain contracts' set forth the commissions and other elements of compensation to be paid to Plaintiff." *James*, 849 F. Supp. 2d at 322. Plaintiff knew that in order to revive his breach of contract claim he needed to specifically allege the basis for his breach of contract claim. To the extent that Plaintiff was bound by a confidentiality order, Plaintiff could have sought to file the proposed Second Amended Complaint under seal or filed a redacted version. At the very least, Plaintiff could have advised the Court of his concern. Instead, Plaintiff waited until the motion to amend was

compensation that he was owed. To the extent Plaintiff alleges a breach of contract claim based on Defendants' failure to compensate him appropriately, Plaintiff has failed to allege facts in support of this claim. Once again, Plaintiff has not "specified the terms of the agreement that defendant purportedly breached, other than to assert that these 'certain contracts' set forth the commissions and other elements of compensation to be paid to Plaintiff." *James*, 849 F. Supp. 2d at 322.

Having reviewed Plaintiff's proposed Second Amended Complaint, the Court finds that Plaintiff has failed to "set forth the terms of the agreement upon which liability is predicated . . . by express reference." *Howell v. Am. Airlines, Inc.*, No. 05 Civ. 3628, 2006 WL 3681144, at *3 (E.D.N.Y. Dec. 11, 2006) (citation omitted). Accordingly, the Court adopts Magistrate Judge Wall's recommendation that Plaintiff's motion to amend his breach of contract claim be denied.

### c. The Court's Denial Is With Prejudice

Plaintiff also seeks clarification as to whether the denial of leave to amend is with prejudice, or whether he can file a third amended complaint in order to refile his dismissed claims. After Plaintiff amended the complaint as of right, Defendants moved to dismiss the Amended Complaint. In dismissing certain claims, Judge Hurley stated that "[a]lthough plaintiff has not specifically requested leave to further amend the Amended Complaint, he will be given *one* opportunity to submit a pre-motion conference letter requesting leave to amend the Amended Complaint to cure (to the extent possible) the deficiencies described above." *James*, 849 F. Supp. 2d at 323 (emphasis added). Judge Hurley clearly instructed Plaintiff that he would be afforded one opportunity to cure the deficiencies in the Amended Complaint. *Id.* Plaintiff

---

fully briefed and Magistrate Judge Wall had issued a Report & Recommendation to raise the issue before the Court. Even in objecting to the Report & Recommendation, Plaintiff failed to identify any provision in the attached employment agreements that could support a plausible breach of contract claim.

10

failed to cure these deficiencies, and he will not be given a third opportunity to plead these claims, especially given the fact that this action is more than two years old. *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (affirming the court's denial of leave to amend, where the plaintiff had two previous opportunities to amend). Accordingly, to the extent Plaintiff's motion to amend the Amended Complaint is denied, that denial is with prejudice.

## II. Conclusion

Having considered Magistrate Judge Wall's Report & Recommendation and the accompanying objections, the Court adopts the Report & Recommendation in its entirety and grants in part and denies in part Plaintiff's motion to amend the Amended Complaint. Accordingly, Plaintiff's motion is denied as to (1) all Title VII discrimination claims previously dismissed by Judge Hurley; (2) all retaliation claims based on slowdowns in loan processing, written counselings, involuntary transfer to the Melville Branch, and post-employment retaliation; (3) Section 1981 discrimination claims based on Plaintiff's termination as part of a reduction in force, his failed interview in March of 2007 and the hiring of Horowitz as co-Branch Manager; (4) breach of contract; and (5) unjust enrichment. Plaintiff's motion to amend is granted as to (1) Title VII and Section 1981 retaliation claims based on his placement on a PIP; and (2) NYLL claims. Plaintiff is directed to file and to serve the Second Amended Complaint within fourteen (14) days of the date of this Order.

SO ORDERED.

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated: January 23, 2013
      Brooklyn, New York